UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AARON L. WASHINGTON,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-181 (JRT/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On January 22, 1996, a Hennepin County District Court jury found Petitioner guilty of first degree criminal sexual conduct, kidnaping, and first degree burglary. He was sentenced to a total of 494 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility, Stillwater, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-5.)

---

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JAN 31 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Petitioner tried to appeal his convictions, but the Minnesota Court of Appeals summarily dismissed his direct appeal on May 29, 1996, because it was filed too late. (Id., p. (3), ¶ 9(b).) He later challenged his convictions and sentences in a post-conviction motion filed in the trial court. When that motion was denied, he filed another appeal with the Minnesota Court of Appeals. His second appeal must have been timely, because the Court of Appeals addressed his post-conviction claims on the merits. Washington v. State, No. CX-96-2269 (Minn.App. 1997), 1997 WL 228951 (unpublished opinion).

The State Court of Appeals rejected Petitioner's claim that the jury should have been instructed on the defense of intoxication. The Court agreed, however, that the trial court had committed a sentencing error. Petitioner's case was therefore remanded to the trial court for re-sentencing. Id. at *3. By order dated August 5, 1997, the Minnesota Supreme Court declined to review Petitioner's case. Id. at *1.[2]

Petitioner made no further effort to challenge his convictions or sentences until January 19, 2000, when he filed his current application seeking federal habeas corpus relief.[3] The instant petition lists three grounds for relief: (1) that the trial court

---

[2] Petitioner has not indicated what happened to his case on remand. The instructions from the Court of Appeals indicate that Petitioner's sentences for his kidnaping and burglary convictions should have been made concurrent with his sentence for criminal sexual conduct. Washington, 1997 WL 228951 at *3. If that has occurred, then Petitioner's aggregate sentence presumably has been reduced from 494 months to 360 months.

[3] Petitioner's current petition was not actually received by the Clerk of Court until January 25, 2000, but the Court will give Petitioner the benefit of the "prison mail-box rule." See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) ("a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). The petition will be deemed to have been given to prison officials for mailing on the date that it was signed, January 19, 2000, and it will be deemed

deprived Petitioner of due process by failing to instruct the jury on the defense of intoxication; (2) that the trial court abused its discretion by imposing an aggregate sentence of 494 months; and (3) that the trial court erred by imposing consecutive sentences for Petitioner's kidnaping and burglary convictions.[4] The merits of Petitioner's claims will not be addressed, because the Court finds that the instant petition was not filed within the one-year time limit prescribed by 28 U.S.C. § 2244(d). It is therefore recommended that the petition be summarily dismissed with prejudice.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

to have been "filed" on that date.

[4] The Court is unable to discern any distinction between Petitioner's second and third claims for relief. Furthermore, it appears that the Minnesota Court of Appeals has already resolved both of these claims in Petitioner's favor. Assuming that Petitioner was re-sentenced as ordered by the State Court of Appeals, (see n. 2, supra), Petitioner's current sentencing claims would appear to be moot. If Petitioner is claiming that some error occurred in the re-sentencing process, he would have to take that matter up with the State Court of Appeals, before raising it in a federal habeas petition. None of these matters will effect the outcome of the present proceedings, however, because the instant petition will be dismissed on other grounds, as discussed below.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In the instant case, Petitioner's judgment of conviction was affirmed on direct appeal on May 29, 1996, when the Court of Appeals summarily dismissed his first appeal because it was untimely. That is the date when the "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5]

The running of the statute of limitations is tolled, however, during the time when a "properly filed application for State post-conviction" relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this case, the record does not show the date when

---

[5] There is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of subsection 2244(d)(1) would have any applicability in this case. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief before now, nor is there any suggestion that Petitioner's claims are based on any newly-recognized constitutional right or newly-discovered evidence.

Petitioner filed his post-conviction motion with the trial court. For present purposes, however, the Court will assume that the post-conviction motion was filed either before, or immediately after, the State Court of Appeals dismissed Petitioner's direct appeal. In other words, the Court will assume that the statute of limitations did not run at all after the dismissal of Petitioner's direct appeal, because it was immediately tolled by the filing of his post-conviction motion. Giving Petitioner the benefit of that assumption, the statute of limitations did not begin to run in this case until after the Minnesota Supreme Court declined to review the issues raised in Petitioner's post-conviction motion, which occurred on August 5, 1997.

The Court has also considered the effect of the Eighth Circuit's holding that, for purposes of 28 U.S.C. § 2244(d)(1)(A), a judgment of conviction does not become "final" on direct appeal until the expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 119 S.Ct. 1133 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. If the rule from Smith v. Bowersox is applicable to post-conviction proceedings, (and is not limited to direct appeals), then the tolling period in Petitioner's case could be extended for an additional 90 days, i.e., until the deadline for seeking certiorari review of the State Supreme Court's decision on the post-conviction motion. Because this is still an open question in the Eighth Circuit,[6] the Court will once again give Petitioner the benefit of the doubt, and assume that

[6] It should be noted, however, that at least two federal circuit courts have concluded that the statute of limitations is not tolled during the period when a prisoner may seek certiorari review following an adverse ruling by the highest state court in a state post-

the tolling period did not end in this case until November 3, 1997 – ninety days after the State Supreme Court declined to review the post-conviction proceedings.

Thus, the Court concludes that the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1), was tolled, and did not begin to run in this case, until November 3, 1997. The statute of limitations expired one year later, on November 3, 1998. Petitioner did not file his current petition, however, until January 19, 2000 – more than fourteen months after the limitation period had expired. The instant petition is therefore clearly time-barred.

Petitioner evidently is aware of the untimeliness of his habeas corpus petition, because he has filed a separate motion asking that his petition be accepted by the Court, even though it is late. (Docket No. 3.) He offers no reason or excuse for the delinquency of his petition, other than a vague and unsubstantiated statement that he "got ill" and he "had no knowledge of the law."

Petitioner has not identified any legal authority that would allow the Court to excuse him from the statutory filing deadline that Congress has imposed under the AEDPA.[7] The Court notes, however, that several federal circuit courts have concluded that the doctrine of equitable tolling may be applied in cases where a habeas petition is filed beyond the one-year deadline imposed by § 2244(d)(1). Davis v. Johnson, 158 F.3d 806,

---

conviction proceeding. Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, No. 99-6598 (U.S. Jan. 10, 2000), 2000 WL 12398; Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

[7] Petitioner's reliance on certain Minnesota Court Rules, which purportedly allow extensions of filing deadlines for good cause, is wholly unavailing, as this federal court action is not governed by state court procedural rules.

810-11 (5th Cir. 1998), cert. denied, 119 S.Ct. 1474 (1999); Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 617-18 (3rd Cir. 1998); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Calderon v. United States District Court, 128 F.3d 1283, 1289 (9th Cir. 1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 119 S.Ct. 1377 (1999); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct. 210 (1998). Our own Court of Appeals has indicated that it agrees with that conclusion. Moore v. U.S., 173 F.3d 1131, 1134 (8th Cir. 1999).

The Court further notes that every court that has found the doctrine of equitable tolling to be applicable to habeas corpus petitions has emphasized that it will rescue a late petition only in "'rare and exceptional circumstances.'" Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), quoting Davis 158 F.3d at 811. See also Miller, 145 F.3d at 618 (equitable tolling will be allowed only "when the petitioner has in some extraordinary way... been prevented from asserting his or her rights") (internal quotation omitted); Calderon, 128 F.3d at 1288 ("equitable tolling" may occur only where it is shown that "'extraordinary circumstances' beyond a prisoner's control ma[d]e it impossible to file a petition on time"). The Eighth Circuit has held that equitable tolling will be allowed only when necessary to protect an innocent litigant from an injustice that otherwise would be caused by a statute of limitations that the litigant was powerless to stop from running. Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) ("[e]quitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands"), cert. denied, 498 U.S. 1026 (1991); Lown v. Brimeyer, 956 F.2d 780, 782 (8th Cir.) (same), cert. denied, 506 U.S. 860 (1992); Shempert v. Harwick Chemical

Corp., 151 F.3d 793, 798 (8th Cir. 1998) ("equitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff'") (quoting Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989)), cert. denied, 119 S.Ct. 1028 (1999).

In the instant case, Petitioner has not identified any "extraordinary circumstances" that were "beyond his control," which caused him to file his current petition more than fourteen months after the statute of limitations had expired. He has offered only an unexplained assertion that he "got ill," and that will not suffice. A truly incapacitating illness might excuse a litigant from meeting a deadline that expired during his period of incapacity. Rhodes v. Senkowski, _ F.Supp.2d __, No. 98 Civ. 2221 (NRB) (S.D.N.Y. Jan. 21, 2000), 2000 WL 60885 at *7. See also Calderon, 163 F.3d at 541. However, a vague claim of illness that is not supported with any factual details – such as the claim offered by Petitioner here -- will not sustain a request for equitable tolling. Rhodes, supra at *10.

In Rhodes, the petitioner submitted a detailed affidavit, which showed that he had suffered serious medical complications caused by AIDS. Even though it appeared that he may have been hospitalized for as many 160 days during and after the § 2244(d)(1) limitation period, the court still found that his illness did not excuse the 291-day tardiness of his habeas corpus petition. 2000 WL 60885 at * 9. In the instant case, Petitioner has not shown that he was hospitalized, or otherwise wholly incapacitated, during any part of the one-year limitation period or during any of the more than 400 days that passed between the expiration of the statute of limitations, (November 3, 1998), and the date when he finally filed his current petition, (January 19, 2000). Equitable tolling will not be allowed based solely on Petitioner's two-word statement that he "got ill."

Nor will Petitioner's alleged ignorance of the law sustain a request for equitable tolling. Needless to say, a prisoner's lack of legal knowledge can hardly be viewed as a "rare and exceptional circumstance." If inadequate knowledge of the law justified equitable tolling, the one-year filing deadline imposed by § 2244(d)(1) would be rendered meaningless, because it could be easily overcome by just about every prisoner. It is therefore not surprising that the courts have consistently rejected "ignorance of the law" as a basis for allowing equitable tolling. Miller, 141 F.3d at 978; Rhodes, 2000 WL 60885 at *11, n. 7 (citing numerous cases); Harrison v. Galaza, No. C 98-3371 TEH (PR), (N.D.Cal. 1999), 1999 WL 58594 at *3 ("a lack of knowledge of the law is not sufficient to constitute extraordinary circumstances").

Thus, the Court concludes that Petitioner has not shown adequate grounds for equitable tolling of the one-year limitation period prescribed by § 2244(d)(1). The only inference that reasonably can be drawn from Petitioner's unsupported motion is that he simply failed to begin working on his 2254 petition until it was too late.[8] His motion to accept a late filing of his petition will therefore be denied.

Because it plainly appears on the face of the petition that Petitioner is not entitled to federal habeas corpus review, this action will be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is recommended that the petition be dismissed with prejudice.

---

[8] It is worth noting that Petitioner's current habeas corpus petition could not have required very much time or effort, because it simply repeats the same claims that were raised in his state post-conviction motion.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's "Motion To Accept Petitioner['s] Writ Habeas Corpus Late," (Docket No. 3), be **DENIED**; and

2. Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

Dated: January 31, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 15, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.