**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

AARON L. WASHINGTON,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-181 (JRT/JMM)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Aaron L. Washington, #185583, Minnesota Correctional Facility, 970 Picket Street North, Bayport, MN 55003-1490, *pro se*.

Amy J. Klobuchar, Hennepin County Attorney, OFFICE OF HENNEPIN COUNTY ATTORNEY, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487, for respondent.

This matter is before the Court on petitioner Aaron L. Washington's objections to the Report and Recommendation of United States Magistrate Judge John M. Mason dated January 31, 2000. The Magistrate Judge recommends that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice. The Court has conducted a *de novo* review of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses the petition with prejudice.

FILED APR 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. APR 17 2000
DEPUTY CLERK

In January 1996, petitioner was convicted of first degree criminal sexual conduct, kidnaping, and first degree burglary. The Minnesota Court of Appeals summarily dismissed petitioner's direct appeal on May 29, 1996, because it was filed too late. Petitioner then filed a post-conviction motion in the trial court, and when that motion was denied, he appealed. The Court of Appeals addressed this appeal on the merits and agreed with petitioner that his sentences for kidnaping and burglary should have been made concurrent with his sentence for criminal sexual conduct. The Court of Appeals rejected plaintiff's other claim, however, and on August 5, 1997, the Minnesota Supreme Court declined review. Petitioner made no further effort to challenge his convictions or sentences until January 19, 2000, when he filed this habeas petition.

As the Magistrate Judge noted, this petition is more than fourteen months late under 28 U.S.C. § 2244(d)(1), even if petitioner is given the benefit of the doubt concerning when he filed his post-conviction motion and whether the time for filing a petition for writ of certiorari to the Supreme Court from denial of a post-conviction motion tolls the statute of limitations. Petitioner's only excuse for this delay is that he had a nervous breakdown and could not "think right." Petitioner offers no evidence supporting this claim, however, nor does he even identify when he suffered this breakdown and when he recovered. This falls far short of the showing necessary to equitably toll the statute of limitations. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (stating that only rare and exceptional circumstances warrant equitable tolling of the § 2244(d)(1) limitations period), *pet. for cert. filed*, No. 99-1476 (March 2, 2000); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 162, 169

(S.D.N.Y. 2000) (holding social worker's report that the petitioner's intellectual functioning was "borderline," as well as the petitioner's hospitalizations as a result of complications from AIDS, were insufficient to toll limitations period). Accordingly, the Court dismisses petitioner's application for habeas relief.

**ORDER**

Based upon all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 6], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 4].

**IT IS HEREBY ORDERED** that:

1. Petitioner's motion to accept petitioner's writ of habeas corpus late [Docket No. 3] is **DENIED**; and

2. Petitioner's petition for writ of habeas corpus [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 17, 2000.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.