**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

AARON L. WASHINGTON,

Petitioner,

v.

STATE OF MINNESOTA

Respondent.

Civil No. 00-181 (JRT/JMM)

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Aaron L. Washington, #185583, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, petitioner *pro se*.

Amy J. Klobuchar, Hennepin County Attorney, OFFICE OF HENNEPIN COUNTY ATTORNEY, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487, for respondent.

This matter is presently before the Court on Petitioner's application for leave to proceed *in forma pauperis* ("IFP") on appeal. Petitioner, a Minnesota state prison inmate, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to

FILED DEC 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, Petitioner has filed an affidavit in support of his IFP application, which shows that his current income is only about $100 per month (presumably from a prison industries job), and that he has no assets of any kind. Based on those representations concerning his financial affairs, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court does not believe that Petitioner has any meritorious grounds for an appeal, the Court is not prepared to say that Petitioner's appeal is "frivolous," as that term has been defined by the Supreme Court. Petitioner's appeal is therefore found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). Accordingly, Petitioner's IFP application will be granted.\

**ORDER**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that petitioner's application to proceed *in forma pauperis* on appeal [Docket No. 12] is **GRANTED**.

DATED: December 18, 2000
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge